IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL BOSCHETTI,

    Plaintiff,

v.

DANIEL O'BLENIS,

    Defendant.
_____/

No. 13-mc-80170 CW

ORDER REMANDING CASE PURSUANT TO PRE-FILING ORDER

On August 14, 2013, this Court entered a pre-filing review order regarding cases removed from state court by Defendant Daniel Everett, who is named herein as Daniel O'Blenis. Case No. 13-2706, Docket No. 23, at 1. Under that order, if Defendant seeks to remove Case No. CUD 12-642905 from San Francisco County Superior Court, the Court shall conduct a pre-filing review of the notice of removal. Id. at 1. If the notice of removal "fails to establish legitimate grounds for federal subject matter jurisdiction, the notice of removal may not be filed." Id. at 1. After reviewing the instant notice of removal, the Court finds that Defendant has failed to establish legitimate grounds for subject matter jurisdiction.

DISCUSSION

Defendant cites several federal statutes as his basis for removal but appears to rely principally on 28 U.S.C. § 1443. That statute provides for the removal of any action filed in state court against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." Id. § 1443(1).

Although Defendant contends that he is unable to enforce various rights under several federal statutes in state court, he does not appear to have attempted to enforce those rights in this case. Further, Defendant has not presented any evidence nor cited any state law to suggest that the San Francisco County Superior Court would be unwilling or unable to enforce his federal civil rights if he did try to enforce them in that court.[1] The Ninth Circuit has expressly held that a defendant who invokes § 1443 as a basis for removal "must assert that the state courts will not enforce [his or her federal] right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." California v. Sandoval, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with the particular court in question will not suffice."). Defendant has not satisfied this requirement here and, thus, has not established that removal is permitted by § 1443.

Nor has Defendant established that federal subject matter jurisdiction exists under any of the other statutes that he cites -- namely, 28 U.S.C. §§ 1441 and 1446 and 42 U.S.C. §§ 1983 and 1988. Most of these statutes do not provide an independent basis for removal and Defendant has not explained how any of them are relevant in this case. Defendant has not asserted any

---

[1] California courts have long had the authority to hear federal civil rights claims. Brown v. Pitchess, 13 Cal. 3d 518, 520-23 (1975) (considering "whether California courts have jurisdiction over federal civil rights suits" and concluding that they do); see also Maine v. Thiboutot, 448 U.S. 1, 3, n.1 (1980) (recognizing that "state courts may also entertain [federal civil rights] actions" provided that state law permits them to do so).

2

counterclaims or defenses based on these statutes and, even if he had, those counterclaims and defenses would not establish federal subject matter jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim.").

Finally, Defendant's reliance on various procedural rules of the San Francisco County Superior Court is misplaced. Indeed, his reliance on these rules only further underscores the need for remanding this case to state court.

## CONCLUSION

For the reasons set forth above, Defendant's notice of removal may not be filed. The Clerk shall remand the case to San Francisco County Superior Court.

The Court notes that this is Defendant's fourth attempt to remove this unlawful detainer action from state court. See Case No. 13-0628, Docket No. 12 (N.D. Cal.); Case No. 13-2706, Docket No. 22 (N.D. Cal.); Case No. 13-0667, Docket No. 22 (W.D. Wash.). Defendant shall not seek to remove this case again unless he can establish legitimate grounds for federal subject matter jurisdiction. If Defendant persists in filing frivolous notices of removal, he may be subject to sanctions.

IT IS SO ORDERED.

Dated: 8/20/2013

CLAUDIA WILKEN
United States District Judge